IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Zaatnure Xi-Amaru, | ) | Case No. 8:22-cv-01211-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Nnakina Xi-Amaru, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff, proceeding pro se and having paid the full filing fee, states that he brings this action pursuant to federal question and diversity jurisdiction. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report"). On April 27, 2022, the Magistrate Judge issued a Report recommending that this action be dismissed without service of process or, in the alternative, transferred to the United States District Court for the Northern District of Georgia. ECF No. 8. Plaintiff filed objections to the Report. ECF No. 11.

## **APPLICABLE LAW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the

Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## **ANALYSIS**

The Court beings with a brief discussion of venue. Federal district courts are vested with the inherent power to control and protect the administration of court proceedings. *White v. Raymark Indus., Inc.*, 783 F.2d 1175, 1177 (4th Cir. 1986). A court has the power to consider *sua sponte* whether venue is proper. *See Jensen v. Klayman*, 115 F. App'x. 634, 635–36 (4th Cir. 2004) (per curiam). Pursuant to 28 U.S.C. § 1391(b),

> (b) Venue in general.—A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

In absence of venue, a court has authority sua sponte to transfer under either 28 U.S.C. § 1404(a) or § 1406(a), or both. *See Jensen*, 115 F. App'x. at 635–36; *In re Carefirst of Md., Inc.*, 305 F.3d 253, 255–56 (4th Cir. 2002). 28 U.S.C. § 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

The Magistrate Judge recommends either dismissal or transfer because venue is improper in this district. ECF No. 8. The Magistrate Judge determined that Defendant resides in Georgia and that the events giving rise to Plaintiff's claims occurred in New York, New Jersey, Georgia, and Honduras. The Magistrate Judge notes that there are a very few references to events that took place in South Carolina but that these events fail to rise to the level of a "substantial part of the events or omissions giving rise to the claim." *Id.* (quoting 28 U.S.C. § 1391(b)). In his objections, Plaintiff attempts to overcome this deficiency by emphasizing that many of Defendant's plans that eventually gave rise to the claims in this action began while she was living in South Carolina. *See, generally,* ECF No. 11.

Upon de novo review of the record, the Report, and the applicable law, the Court agrees with the recommendation of the Magistrate Judge that venue is improper in this district. As an initial matter, "Plaintiff cannot use his objections to plead new facts not alleged in his complaint." *Cleveland v. Duvall*, No. 8:14-cv-04305-RBH, 2015 WL 6549287, at *2 (D.S.C. Oct. 28, 2015), *aff'd,* 647 F. App'x 156 (4th Cir. 2016) (citing

3

*Backus v. Cox,* No. 4:13-cv-00881–RBH, 2013 WL 5707328, at *2 (D.S.C. Oct. 18, 2013) ("Plaintiff, however, cannot use his objections to plead new claims or cure the factual defects of his existing claims against Defendant . . . .")).  Moreover, as stated in more detail by the Magistrate Judge, the connection of Plaintiff's claims to Georgia "so far predominates over those in [South Carolina] as to make it impossible to conclude that a substantial part of the events or omissions giving rise to the claim occurred in this district." ECF No. 8 (quoting *MTGLQ Invs., L.P. v. Guire*, 286 F. Supp. 2d 561, 566 (D. Md. 2003) (internal quotations marks omitted)).

Here, the interests of justice weigh heavily in favor of transferring this action particularly in light of the fact that Plaintiff paid the full filing fee.  Further, transferring the case is in keeping with the ultimate goal of allowing cases to be decided on their substantive merits, as opposed to being decided on procedural grounds. *See Goldlawr v. Heiman*, 369 U.S. 463, 466–67 (1962); *Dubin v. U.S.*, 380 F.2d 813, 815 (5th Cir. 1967).[1]

## CONCLUSION

For the foregoing reasons, the Court adopts the recommendation of the Magistrate Judge that venue is improper in this District and **TRANSFERS** this case to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1406(a).

IT IS SO ORDERED.

---

[1] Because the court raised the issue of transfer of venue sua sponte, pursuant to *Feller v.Brock*, 802 F.2d 722, 729 n.7 (4th Cir.1986), Plaintiff must be given an opportunity to be heard before a final decision on transfer is rendered. *See also Magic Toyota, Inc. v. Southeast Toyota Distribs., Inc.*, 784 F. Supp. 306, 321 (D.S.C.1992); *Sadighi v. Daghighfekr*, 36 F. Supp. 2d 267, 278 (D.S.C. 1999).  Plaintiff's opportunity to file timely objections to the Report is considered to be the required opportunity to be heard under *Feller* before a final decision on transfer is rendered.

4

5

                                      s/ Donald C. Coggins, Jr.
                                      United States District Judge

May 24, 2022
Spartanburg, South Carolina